UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
GLOBAL VISION PRODUCTS, INC.,

                Plaintiff,

      -against-                                            04 Civ. 9198 (LAK)

PFIZER INC.,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER**

Lewis A. Kaplan, *District Judge.*

       This is an action for trademark infringement and other competitive torts. It is before the Court on defendant's motions for summary judgment dismissing the complaint and to strike plaintiff's jury demand.

I

       Plaintiff makes and distributes a pharmaceutical product designed to prevent hair loss under the registered trademark AVACOR. Defendant makes a competitive product known as ROGAINE.

       In the spring of 2000, Pfizer's predecessor, Pharmacia, began to consider the possibility of making its prescription pharmaceutical used for incontinence and known as Detrol available over-the-counter (OTC). Over the ensuing two years, it considered a number of possible brand names for the anticipated OTC product. Among them was the word Avancor. And among

the steps it took to prepare for the possible OTC introduction was to register the domain names avancor.org and avancor.net in order to preserve them for possible use. Anyone who entered the URLs avancor.org and avancor.net was directed to the Pfizer web site, which made no use of the word Avancor.

In August 2003, following its acquisition of Pharmacia, Pfizer decided to put the OTC switch involving Detrol on hold before ever selling, marketing, advertising or using the name or mark Avancor in connection with the sale of anything. It recently deactivated the domain names avancor.net and avancor.org entirely.

Plaintiff brings this action for alleged infringement of its AVACOR mark, unfair competition and false designation of origin under Section 43(a) of the Lanham Act[1] and state law, trademark dilution under Section 43(c) of the Lanham Act[2] and state law, cybersquatting under the Anti-Cybersquatting Consumer Protection Act,[3] and deceptive acts and false advertising under N.Y. Gen. Bus. L. §§ 349-50.[4]

---

[1] 15 U.S.C. § 1125(a).

[2] *Id*. § 1125(c).

[3] *Id*. § 1125(d).

[4] The second amended complaint contains also allegations regarding foreign trademark filings by Pfizer. In response to an earlier motion to dismiss, plaintiff said that it was not alleging that the foreign filings constituted violations of law but were added only as factual background. The Court accepted that explanation in an order dated June 9, 2005.

II

The crux of plaintiff's position is that Pfizer and its predecessor intended to use the Avancor name "to aid its Rogaine product in competition with Plaintiff's Avacor product."[5] It resists the motion principally on the ground that there are issues of material fact as to the intent of Pfizer and its predecessor. Plaintiff, however, misconceives its position in responding to this motion.

In *Archie Comic Publications, Inc. v. DeCarlo,*[6] this Court explained as follows:

> "On a motion for summary judgment, the moving party bears the burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.[7] In considering such a motion, all facts and inferences reasonably drawn therefrom are construed in favor of the nonmoving party.[8]
>
> "Local Civil Rule 56.1 of this Court, which is substantially similar to antecedents that have been in effect for many years, provides in relevant part as follows:
>
>> '(a) Upon any motion for summary judgment . . . , there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.
>>
>> '(b) The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.

---

[5] Pl. 56.1 St. *passim.*

[6] 258 F. Supp.2d 315 (S.D.N.Y. 2003), *aff'd,* 88 Fed. Appx. 468 (2d Cir.), *cert. denied,* 543 U.S. 813 (2004).

[7] *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 159 (2d Cir.1999).

[8] *Id.*

>'(c) All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.
>
>'(d) Each statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e).'
>
>"The purpose of the rule 'is to assist the Court in understanding the scope of the summary judgment motion by highlighting those facts which the parties contend are in dispute.'[9] In the absence of the required statements, 'the Court is forced to scour the record on its own in a search for evidence which may support that party's contention that a certain fact is not in dispute.'[10]
>
>"In order for a Rule 56.1 statement in opposition to a motion for summary judgment to serve this purpose, it must respond appropriately to the movant's statement. Thus, '[a] proper Rule 56.1 statement submitted by a non-movant should consist of a paragraph-by-paragraph response to the movant's 56.1 statement, much like an answer to a complaint' and must cite admissible evidence in support of the non-movant's contention that there is admissible evidence creating a genuine issue for trial.[11]"[12]

In this case, Pfizer has submitted a properly supported, 22-paragraph Rule 56.1 statement in support of its motion. The statement details the sequence of events relating to its consideration of the name Avancor, the fact that it registered the domain names "for its own use as

---

[9] *Rodriguez v. Schneider,* No. 95 Civ. 4083 (RPP), 1999 WL 459813, at *1 n.3 (S.D.N.Y. June 29, 1999). *Accord, e.g., Goldstick v. The Hartford, Inc.,* No. 00 Civ. 8577 (LAK), 2002 WL 1906029, at *1 (S.D.N.Y. Aug. 19, 2002); *Fernandez v. DeLeno,* 71 F. Supp.2d 224, 227-28 (S.D.N.Y. 1999).

[10] *Rodriguez,* 1999 WL 459813, at *1 n.3.

[11] *Id.*

[12] 258 F. Supp.2d at 317-18.

a potential marketing tool for its own potential product,[13] and the dissimilarity between the plaintiff's web site and the Pfizer web site to which anyone entering the Avancor URL while its registrations were active was directed, among other pertinent factors.

Plaintiff has not responded to paragraphs 1-2, 14-16, 18-19, and 21-22 of defendant's statement and thus has admitted the factual assertions contained there.[14] Its only response to paragraphs 3-13 and 17 is the assertion that it "contests" those averments "as Defendant's intent in registering the domain names was to aid its Rogaine product in its competition with Plaintiff's Avacor product," a proposition for which it cites no evidence whatever.

Plaintiff's response to paragraphs 3-13 and 17 fails utterly to comply with Rule 56.1. In consequence, all of the factual averments set forth in defendant's Rule 56.1 statement are deemed admitted. Moreover, even if the Court were to look beyond plaintiff's failure to comply with the rule, the result would be no different. The evidence by plaintiff in opposition to the motion would raise no genuine issue of material fact.

III

This foregoing is fatal to plaintiff's case.

To begin with, an element of the claim for cybersquatting is that the defendant have acted with "a bad faith intent to profit from" use of the mark at issue.[15] Pfizer's Rule 56.1 Statement

---

[13] Def. 56.1 St. ¶ 17.

[14] Its response to paragraph 20 admits defendant's averment save for the correction of a typographical error.

[15] 15 U.S.C. § 1125(d)(1)(A)(i).

establishes the contrary. In any case, bad faith intent is an issue upon which plaintiff would have had the burden of proof at trial. Pfizer's motion placed in issue its ability to come forward with evidence sufficient to raise an issue of fact on that question. The burden therefore shifted to plaintiff to come forward with such evidence.[16] Plaintiff has not sustained its burden.

Plaintiff's trademark infringement and false designation of origin claims fail for two reasons. First, there can be no infringement or false designation claim absent actual use in commerce, and there is no evidence of such use. Second, the registration of the domain names, given the exceptionally limited nature of their use, were unlikely to confuse anyone, let alone the requisite appreciable number of likely consumers of plaintiff's products.[17]

This lack of a likelihood of confusion dooms also plaintiff's claims for deceptive acts and false advertising under N.Y. Gen. Bus. L. §§ 349-50[18] and for unfair competition under New York common law.[19]

The dilution claim fails both because plaintiff has not demonstrated that its mark is famous or, even if it is, that defendant's use caused actual dilution.

---

[16] *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 269 F.3d 114, 124-25 (2d Cir. 2001).

[17] *See, e.g., Savin Corp. v. Savin Group,* 391 F.3d 439, 456 (2d Cir. 2004), *cert. denied,* 126 S. Ct. 116 (2005).

[18] *Leider v. Ralfe,* 387 F.Supp.2d 283, 292 (S.D.N.Y. 2005) (plaintiffs alleging deceptive acts and/or false advertising under N.Y. Gen. Bus. L. §§ 349-50 must show that defendant's actions were "likely to mislead a reasonable consumer acting reasonably under the circumstances").

[19] *Forschner Group, Inc. v. Arrow Trading Co., Inc.,* 124 F.3d 402, 408 (2d Cir. 1997) ("Under New York common law, the essence of unfair competition is the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin of the goods.") (internal quotation marks omitted).

IV

For the foregoing reasons, defendant's motion for summary judgment dismissing the second amended complaint is granted in all respects and the action dismissed. In view of the foregoing, its motion to strike the jury demand is denied as moot.

SO ORDERED.

Dated: February 14, 2006

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)